UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JEROME MACK,

        Petitioner,

   -v-                                              No. 05 Civ. 6519 (LTS)(KNF)

JAMES T. CONWAY, SUPERINTENDENT
ATTICA CORRECTIONAL FACILITY,

        Respondent.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2 3 JUL 2010

### ORDER

        Petitioner Jerome Mack ("Petitioner") brings this habeas corpus petition ("Petition") pursuant to 28 U.S.C. § 2254, challenging his conviction in New York State Supreme Court, New York County for one count each of second-degree and third-degree criminal possession of a weapon. Petitioner asserts three claims for habeas relief: (1) he was not advised of his constitutional rights prior to making incriminating statements to the police, as required by Miranda v. Arizona, 384 U.S. 436 (1966); (2) he received ineffective assistance of counsel because of certain errors made by defense counsel with respect to jury instructions; and (3) the prosecution failed to disclose impeachment evidence consisting of the prior bad acts of a prosecution witness, as required by Brady v. Maryland, 373 U.S. 83 (1963).

        On March 23, 2010 Magistrate Judge Fox issued a Report and Recommendation ("Report"), recommending that the Petition be denied. Timely objections to the Report were received from Petitioner, and the Court has reviewed thoroughly those objections.

        In reviewing a Report and Recommendation, the Court may "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West 2006). The court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). However, to the extent that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y. 1992). Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." Vega v. Artuz, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002). "[O]bjections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects." Camardo, 806 F. Supp. at 381-82.

The Court has considered thoroughly Petitioner's objections, and has considered de novo all of the objections that specifically and clearly address particular findings in the Report. The factual and procedural background of this matter are described in detail in the Report, familiarity with which is presumed. For the following reasons, the Court adopts Judge Fox's recommended conclusion and denies Petitioner's habeas corpus petition.

Petitioner's objections to particular findings in the Report assert that the Report erred as follows: (1) the Report erred in concluding that, although Petitioner's statement to the police was taken in violation of his Miranda rights, admitting it at trial was harmless error; (2) the Report, in framing its analysis of Petitioner's claim regarding a jury question about intent, misconstrued Petitioner's claim as being about the temporal formation of intent rather than the

existence of intent; and (3) the Report fails to consider the cumulative impact of the allegedly harmless errors in Petitioner's trial.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Petitioner is entitled to habeas corpus relief if the state courts' "adjudication of [his] claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C.A. § 2254(d)(1) (West 2006), or "resulted in a decision that was based on an unreasonable determination of the facts," 28 U.S.C.A § 2254(d)(2) (West 2006). As the Supreme Court has explained, "[a] federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts." Bell v. Cone, 535 U.S. 685, 694 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). "The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case." Id. (citing Williams, 529 U.S. at 407-08). State court determinations of fact are "presumed to be correct," and that presumption may be rebutted only "by clear and convincing evidence." 28 U.S.C.A. § 2254(e)(1) (West 2006).

Petitioner first objects that the Report erred in finding that admitting Petitioner's first confession at trial was harmless error, even though that confession was taken in violation of his Miranda rights. The Report correctly concludes that the state courts unreasonably applied established Federal law in holding that Petitioner's first confession was not obtained in violation of his Miranda rights. However, Petitioner is only entitled to habeas relief if this state court error had a "substantial and injurious effect or influence in determining the jury's verdict." Penry v.

Johnson, 532 U.S. 782, 795-96 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)). In determining whether a statement admitted in violation of Miranda is harmless, a court should consider: (1) the overall strength or weakness of the prosecution's case; (2) the prosecution's conduct with respect to the statement; (3) the importance of the statement; and (4) whether the statement was cumulative to other admissible evidence. See Zappulla v. New York, 391 F.3d 462, 468 (2d Cir. 2004).

Consideration of these factors leads to the conclusion that the error here was harmless. The prosecution's case against Petitioner was strong even without the inadmissible confession, because the confusion was cumulative to other admissible evidence. There was testimony that Petitioner possessed a gun at the time of the shooting and that Petitioner was involved in an ongoing violent conflict. There was also testimony that Petitioner was present in the apartment where the gun was found, in the vicinity of the gun. Petitioner points out that the prosecution's key witness was not credible and provided contradictory testimony about Petitioner's possession of the gun. However, there was no evidence that Petitioner did not possess the gun, thus this testimony was unrefuted.

The prosecution's case was also bolstered by the existence of Petitioner's second confession to possessing the gun, which was admissible. Petitioner's second confession was obtained after the administration of the requisite Miranda warnings, and shows no signs of coercion or involuntariness. The record does not indicate that the second confession was tainted by the first, nor does Petitioner contend that it was. Petitioner argues that the first confession was not cumulative to other admissible evidence because of the different character of the two confessions. He also claims that the first confession was of particular importance to the case and that the prosecution's focus on the first confession in opening and closing statements undermines the

Report's conclusion that admitting the first confession was harmless error. Petitioner's argument is unavailing. In Petitioner's first confession, he offered details about the gun without being prompted by police officers. In his second confession, Petitioner merely identified as his a gun shown to him by police officers. Although the first confession was more incriminating than the second, the two confessions are sufficiently similar such that, had the first confession not been available, the prosecution could have used the second confession at trial to the same effect. Therefore, Petitioner has not shown that the failure to exclude the first confession had a substantial and injurious effect on the jury's verdict, and is not entitled to habeas relief on his Miranda claim.

The second issue presented in the Petition is whether the state courts unreasonably applied Supreme Court precedent in deciding that Petitioner had not been deprived of the effective assistance of counsel required by the Sixth Amendment. To demonstrate a violation of the right to assistance of counsel, a criminal defendant must show that his attorney's performance was "outside the wide range of professionally competent assistance," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 690, 694 (1984).

Petitioner argues that the Report misconstrues his claim regarding trial counsel's failure to suggest a meaningful response to a jury question about intent. Petitioner's second-degree weapons charge included an unlawful intent element. The question asked by the jury was, "What is the time frame regarding intent, the time of the event in question or general at all times." (Petr.'s Br. Ex. H 359.) The trial court apparently understood this question to be about the formation of intent, and decided to answer, with counsel's approval, that "intent may be formed at any time." (Id. at 360.) As Petitioner correctly points out, the jury's question was ambiguous and may not have been about the formation of intent, but about the existence of Petitioner's unlawful intent on

the day he was charged with possessing a weapon, rather than at some other point in time. Moreover, in actually responding to the jury, the judge did not adhere to the agreed-upon answer and stated instead, "the answer to that question is at any time. The question of intent is at any time is the answer to that question." (Id. at 364.) If the jury had meant its question to address the time frame for the existence of intent rather the formation of intent, the court's instruction would have been an incorrect statement of the law. In order for the intent element to be satisfied, Petitioner must have had unlawful intent on the date in question, not at any unspecified time.

Nevertheless, even if the jury's question had been about the existence, rather than the formation, of intent, trial counsel's failure to suggest a different response does not rise to the level of ineffective assistance under the Strickland standard. The actual meaning of the jury's question is unclear. Although, in hindsight, it is arguable that the jury intended its question to address the existence of intent, at the time, the trial judge, prosecutor, and defense counsel all understood the question to refer to the formation of intent, as evidenced by their agreed-upon response. Therefore, trial counsel's mistake – if a mistake at all – does not fall outside the wide range of professionally competent assistance required of him. Similarly, although the judge's actual jury instruction was imprecise, given the common understanding the parties appeared to share about the jury's question, it would not have seemed to be misleading to trial counsel at the time. Accordingly, it was not unreasonable application of Strickland for the state courts to have found trial counsel's representation to have satisfied Sixth Amendment guarantees, and Petitioner's claim for habeas relief on this ground is meritless.

Finally, Petitioner objects that the Report fails to consider the cumulative impact of the errors it concludes are harmless. However, Petitioner did not assert a cumulative trial error claim in his direct appeal, and thus the claim is not exhausted. A federal court may not consider a

habeas claim unless the petitioner has exhausted all state judicial remedies. 28 U.S.C. § 2254(b)(1)(A); see also Picard v. Connor, 404 U.S. 270, 275-76 (1971); Dorsey v. Kelly, 112 F.3d 50, 52 (2d Cir. 1997); Daye v. Attorney Gen. of N.Y., 696 F.2d 186, 190-92 (2d Cir. 1982) (en banc). To satisfy the exhaustion requirement, "it is not sufficient merely that the [petitioner] has been through the state courts." Picard, 404 U.S. at 275-76. Rather, the specific claim must be "fairly presented" to the state courts so that the state has an opportunity to correct any alleged constitutional violations. Id.; Daye, 696 F.3d at 191. "In order to have fairly presented his federal claim to the state courts the petitioner must have informed the state court of both the factual and legal premises of the claim[.]" Daye, 696 F.2d at 191.

Petitioner's cumulative trial error claim was never presented on appeal in state court. He may not raise this issue in a new section 440.10 petition, as he unjustifiably failed to appeal this matter to the Appellate Division. See N.Y.Crim. Proc. Law 440.10(2)(c) (2005). As a result, this claim is procedurally barred under New York State law. See, e.g., Jimenez v. Walker, 458 F.3d 130, 149 (2d Cir. 2006) ("[Petitioner's] claim is now exhausted because state remedies are no longer available. [Petitioner] has already taken his one direct appeal, and this claim is procedurally barred from consideration in a collateral attack on his conviction. . . . [Therefore, petitioner] has procedurally defaulted his . . . claim.") (internal citations omitted). In such a situation, the unexhausted claim will be "deemed exhausted." St. Helen v. Senkowski, 374 F.3d 181, 183 (2d Cir. 2004) (citing Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991)), cert. denied, 543 U.S. 1058 (2005). "In the case of procedural default (including where an unexhausted claim no longer can proceed in state court), we may reach the merits of the claim 'only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent.'" Id. at 184 (quoting Bousley v. United States, 523 U.S. 614, 662 (1998)).

Petitioner has not shown cause, prejudice, or actual innocence with respect to his claim concerning failure to raise the cumulative trial error. Therefore, his cumulative trial error habeas claim is denied as unexhausted and procedurally barred.

Petitioner's remaining objections simply reiterate the arguments that he made to Judge Fox in support of the Petition. Therefore, the Court applies a clear error standard of review to those objections. The Court has reviewed thoroughly all remaining aspects of the Report and finds no clear error. Accordingly, the Court adopts the conclusion of the Report and its recommendation that the petition for a writ of habeas corpus be denied.

Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C.A. § 2253(c)(1) (West 2006). A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (West 2006); see United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability). The Court finds that Petitioner has not met this burden. Thus, the Court declines to issue a certificate of appealability. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and accordingly, any application to proceed on appeal in forma pauperis is denied. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

The Clerk of Court is respectfully requested to enter judgment dismissing the

Petition and close this case.

SO ORDERED.

Dated: New York, New York
July 23, 2010

_____
LAURA TAYLOR SWAIN
United States District Judge